**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| CHRISTOPHER FOSTER, | : | Case No. 2:24-cv-1598 |
| Plaintiff, | : | |
| vs. | : | Judge Michael H. Watson |
| | : | Magistrate Judge Stephanie K. Bowman |
| OHIO, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

This case began when Christopher Foster submitted a document entitled "[EMERGENCY CONTRACT BREACH COMPLAINT BY INMATE PRO'SE]" to the Court along with summons and U.S. Marshal forms. (Doc. 1). A few days later, Foster filed a document entitled "[ANTICIPATED CORRECTIVE NEEDS"] in which he objected to the initiation of a new case. (Doc. 2). Foster apparently intended the complaint (Doc. 1) to be filed as an amended complaint in *Foster v. Ohio D.R.C.*, Case No. 2:22-cv-2153. (*See* Doc. 2, PageID 12, citing *Foster v. Ohio D.R.C.*, No. 2:22-cv-2153, 2023 U.S. Dist. LEXIS 24492 (S.D. Ohio Feb. 13, 2023)). That case is also pending before this Court. Foster explains that he "did not have the case number on hand" when he submitted the complaint. (Doc. 1, PageID 12). He asks that the complaint be transferred into "the proper case." (*Id.*)

The Undersigned construes Foster's second filing (Doc. 2) as a motion to voluntarily dismiss this case, Case No. 2:24-cv-1598, and **RECOMMENDS** that the Court **GRANT** the motion. The Undersigned further **RECOMMENDS** that the Court **DENY** Foster's request to transfer the complaint into Case No. 2:22-cv-2153, as Foster

has been ordered not to file further documents in that case until after the required screening of his second amended complaint has been completed. (*See* Doc. 41 *in* Case No. 2:22-cv-2153). This case, Case No. 2:24-cv-1598, should be **DISMISSED** without prejudice.

### Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

July 19, 2024  *s/Stephanie K. Bowman*
STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE