**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Christopher Foster,

      Plaintiff,                        Case No. 2:24-cv-1598

      v.                               Judge Michael H. Watson

Ohio, *et al.*,                     Magistrate Judge Bowman

      Defendants.

<u>**OPINION AND ORDER**</u>

Christopher Foster ("Plaintiff") proceeds pro se in this prisoner civil rights suit. Compl., ECF No. 1. Plaintiff sues the State of Ohio and Core Civic for discrimination under the Americans with Disabilities Act. *Id.* He seeks both damages and injunctive relief. *Id.*

After filing the Complaint in this case, however, Plaintiff filed a "Notice," in which he objected to the Complaint being filed under a new case number. Notice, ECF No. 2. He explains that the document filed as the Complaint in this case was intended as a proposed amended complaint in Case No. 2:22-cv-2153, but Plaintiff did not have that case number on hand when he mailed the Complaint (resulting in it being docketed as the initiating Complaint in this case). *Id.* at 1–2.

After performing an initial screen of the Complaint in this case pursuant to 28 U.S.C. § 1915A, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court construe Plaintiff's Notice as a motion to

voluntarily dismiss this case and grant the same.  R&R, ECF No. 3.  It further recommends denying Plaintiff's request to order the Clerk to file the Complaint in this case as a motion in Case No. 2:22-cv-2153, because Plaintiff has been ordered to cease filing documents in that case until the judge in that case screens his second amended complaint.  *Id.*

Plaintiff objects to the recommendation.  Although Plaintiff initially asked for an extension of time to file a memorandum in support of his objection, ECF No. 4, he later filed said memorandum.  His request for additional time is therefore **DENIED AS MOOT.**

Plaintiff's objection requests that the Court transfer at least the summons and Marshal forms from this case to Case No. 2:22-cv-2153.  Obj., ECF No. 5.

Because Plaintiff admits that the Complaint in this case relates to Case No. 2:22-cv-2153 and should have been filed in that case, the Court **OVERRULES** his objection to the R&R and **DISMISSES WITHOUT PREJUDICE** the Complaint in this case.  Moreover, the Court **OVERRULES** Plaintiff's objection that the summons and Marshals Form should be transferred to Case No. 2:22-cv-2153; service forms will be required only if that case survives initial screen.

The Clerk, however, is **ORDERED** not to collect a filing fee in Case No. 2:24-cv-1598 given that Plaintiff did not intend to initiate this case.

Finally, it appears that the Magistrate Judge in Case No. 2:22-cv-2153 recommends permitting Plaintiff one final opportunity to amend his Complaint in that case.  *See* R&R, ECF No. 53, Case No. 2:22-cv-2153.  The Court concludes

that transferring the Complaint in this case to that case and ordering the Clerk to file it as a motion could jeopardize Plaintiff's final opportunity, should the judge in that case adopt the R&R.  Accordingly, and for Plaintiff's benefit, his request to transfer the Complaint is **DENIED**.  That way, if Plaintiff is granted an opportunity to amend his Complaint in Case No. 2:22-cv-2153 one final time, he may include whatever portions from the Complaint in this case that he wishes to include, but he will not be constrained by what has already been filed in this case.  This procedure will therefore give Plaintiff the greatest flexibility in Case No. 2:24-cv-2153.

In sum, the Clerk shall dismiss without prejudice Case No. 2:24-cv-1598 and not collect any filing fee.  If Plaintiff wishes to incorporate any of the allegations docketed under this case number into Case No. 2:22-cv-2153, he must be sure to include them in any proposed Third Amended Complaint in that case, if he is given the opportunity to file one.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**